Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff, on behalf of himself
and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACKSON H. DIAZ, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL MANAGEMENT SERVICES, LP and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Jackson H. Diaz, individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendant, Capital Management Services, LP says:

### I.   NATURE OF THE ACTION

1. Plaintiff brings this class action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") by making statements that misrepresented the tax consequences of a reduced settlement. Such statement "does not accurately reflect the relevant law; in this respect, it is not true. In addition, the statement's invocation of the IRS is deceptive and misleading."[1]

---

[1] *Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742, 749-50 (E.D. Pa. 2014); *see also Balon v. Enhanced Recovery Co.*, No. 3:16-CV-0410, 2016 U.S. Dist. LEXIS 72142, at *19-20 (M.D. Pa. June 2, 2016) ("the challenged language could, without bizarre or idiosyncratic interpretation, influence the least sophisticated debtor's decision-making process. As a result, it is determined

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

## III.  PARTIES

4. Plaintiff, Jackson H. Diaz ("Diaz"), is a natural person.

5. At all times relevant to the factual allegations of this Complaint, Plaintiff was a citizen of the State of New Jersey, residing in Hudson County, New Jersey.

6. Defendant, Capital Management Services, LP ("Defendant" or "CMS"), is a collection agency with an office located at 698 1/2 South Ogden Street, Buffalo, NY 14206.

7. Defendant John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identity will be disclosed in discovery and should be made parties to this action.

---

that the challenged language is material." (internal quotations marks and citation omitted)); *Velez v. Enhanced Recovery Co., LLC*, No. 16-164, 2016 U.S. Dist. LEXIS 57832, at *10 (E.D. Pa. May 2, 2016) ("There are myriad other ways that the Statement could, without bizarre or idiosyncratic interpretation, influence the least sophisticated debtor's decision-making process."); *Foster v. AllianceOne Receivables Mgmt.*, No. 15-cv-11108, 2016 U.S. Dist. LEXIS 56958, at *5-6 (N.D. Ill. Apr. 28, 2016) ("It is plausible that mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy.'"); *Pape v. Law Offices of Frank N. Peluso, P.C.*, No. 3:13 CV 63 (JGM), 2016 U.S. Dist. LEXIS 694, at *27-8 (D. Conn. Jan. 5, 2016) (Statement that "[w]e may also report this to the IRS as Debt Cancellation Income pursuant to IRS Reg. § 1.61-12 if payment is not received" violates the FDCPA where "defendant . . . could not report the cancellation of plaintiff's debt to the IRS[.]"); *Wagner v. Client Services, Inc.*, Case No. 08-5546, 2009 U.S. Dist. LEXIS 26604, at *12, 2009 WL 839073 (E.D. Pa., March 26, 2009) ("By failing to attribute the nature of the debt that may be discharged to principal and non-principal amounts, Defendant has not shown that its letter is literally true."); *Kuehn v. Cadle Co.*, Case No. 5:04-cv-432, 2007 U.S. Dist. LEXIS 25764, 2007 WL 1064306 (M.D. Fla., April 6, 2007) (This includes a statement that a 1099 must be issued when a 1099 is not required.).

## IV.   FACTS

A. Background

8. Defendant is not in the business of extending credit, selling goods or services to consumers.

9. Defendant regularly collects or attempts to collect debts that are past due.

10. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. Defendant is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

12. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

13. CMS is a collection agency.

14. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising from one or more transactions which were primarily for Plaintiff's personal, family or household purposes ("Debt" or "Account").

15. The Account was a personal Department Store National Bank/Macy's account which was used for personal, family and household purposes.

16. The debt alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

17. The Account was assigned to CMS for the purpose of collecting the Debt.

18. Defendant contends that the Account was past due and in default.

19. The Account was past due and in default at the time it was placed with or assigned to CMS for collection.

### B. Deceptive Tax Statement and Invocation of the IRS

20. In an attempt to collect the consumer debt allegedly owed by Diaz, Defendant mailed a collection letter to Diaz on January 7, 2016 and on February 2, 2016 the ("CMS Letters"). A true but redacted copy of the CMS Letters is attached as **Exhibit A**.

21. Diaz received and reviewed the CMS Letters.

22. The CMS Letters state:

> (DSNB) Department Store National Bank will report forgiveness of debt as required by IRS regulations.

23. Defendant's statement that "Department Store National Bank will report forgiveness of debt as required by IRS regulations" is false, deceptive and misleading.[2]

24. The Department of Treasury regulations require an "applicable entity"[3] to report a discharge of indebtedness over $600 to the Internal Revenue Services if and only if there has been an "identifiable event,"[4] subject to seven exceptions.[5]

25. Such exceptions to the reporting requirement include if the consumer files and obtains a bankruptcy discharge on a consumer debt, or if the discharge is of interest or non-principal amounts.[6]

26. A portion of the debt allegedly to be due by Plaintiff and putative class members was interest or non- principal amounts.

---

[2] *See Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742 (E.D. Pa. 2014).
[3] "Applicable entity" is defined in 26 U.S.C. § 6050P(c)(1).
[4] As described in 26 Treas. Reg. § 1.6050P-1(b)(2).
[5] *See* 26 Treas. Reg. § 1.6050P-1(a)(1), (d).
[6] 26 Treas. Reg. § 1.6050P-1(d)(1)-(3).

27. The statement that "Department Store National Bank will report forgiveness of debt as required by IRS regulations" is false and misleading to Plaintiff and the least sophisticated consumer.

28. The statement misstates the law, fails to disclose that there are exceptions to the filing requirement and fails to state that filing may not be required.

29. The statement that "Department Store National Bank will report forgiveness of debt as required by IRS regulations" is false and misleading to Plaintiff, as well as the least sophisticated consumer, because the balance of the Debt is less than $600—thus, there can never be a discharge of indebtedness over $600 in principle amounts. Neither Defendant nor the original creditor are required to report to the IRS and will never do so.

30. Such false statement is deceptive and misleading because the statement conveys to Plaintiff and the least sophisticated consumer that there are consequences to paying or settling the debt for less than what was alleged to be owed.

31. Such false statement is deceptive and misleading because the statement conveys to Plaintiff and the least sophisticated consumer that one may face negative consequences with the Internal Revenue Service for paying or settling the debt for less than what was alleged to be owed.

32. Such false statement is deceptive and misleading because the statement conveys to Plaintiff and the least sophisticated consumer that "Department Store National Bank will report forgiveness of debt as required by IRS regulations" even when that may not be the case.

33. Such false statement is deceptive and misleading because the statement deliberately fails to disclose to Plaintiff and the least sophisticated consumer that such reporting is required under only limited circumstances.

34. Such false statement is deceptive and misleading because the statement deliberately fails to disclose to Plaintiff and the least sophisticated consumer that such reporting requirement is subject to seven exceptions.

35. There is no law or regulation that requires Defendant to include the tax statement. Defendant's statement invoking the IRS is a collection ploy and a deceptive tactic used to trick Plaintiff and the least sophisticated consumer that paying less than the full amount owed or not paying at all would have serious tax implications or otherwise be in trouble with the IRS.

36. Defendant's tax statement is a collection ploy to increase collections by falsely representing the law and threatening tax consequences to Plaintiff and the least sophisticated consumer.

37. "A debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"[7]

38. As Plaintiff understood the CMS Letters, as would the least sophisticated consumer, one would face negative consequences with the IRS for paying or settling the debt for less than what was alleged to be owed.

39. As Plaintiff understood the CMS Letters, as would the least sophisticated consumer, "she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness . . . ."[8]

40. As Plaintiff understood the CMS Letters, as would the least sophisticated consumer, there would be legal and tax consequences for leaving any balance owed.

---

[7] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)).
[8] *Good*, 55 F. Supp. 3d at 748 (internal quotations marks omitted).

41. As Plaintiff understood the CMS Letters, as would the least sophisticated consumer, paying less than the full amount owed or not paying at all would have serious tax implications or otherwise be in trouble with the IRS.

42. Upon information and belief, Department Store National Bank never filed a form 1099C with the IRS with respect to Plaintiff or the respective debt.

43. Defendant's false, deceptive and misleading statement is material to Plaintiff and the least sophisticated consumer because, *inter alia*:

    a. The threatening of tax consequences, and use of the misleading and false statement effects the decision-making of Plaintiff and the least sophisticated consumer;

    b. Plaintiffs and the least sophisticated consumer are less likely to negotiate the balances down and are more likely succumb to the threat by making substantially higher payments;

    c. Plaintiff and the least sophisticated consumer would believe that in order not to face tax consequences, one must pay the entire balance regardless of whether the event is reportable or taxable;

    d. The statement creates confusion of the legal and tax implication as the alleged indebtedness is not always *taxable* nor always reported to the IRS; and

    e. The statement negatively influences someone contemplating for obtaining bankruptcy relief, as Plaintiff and the least sophisticated consumer would believe that one would be faced with negative legal and tax consequences if the debt is wiped out through bankruptcy.

### V. CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or otherwise modify the following class definition at the time Plaintiff move for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with addresses within the State of New Jersey, to whom, beginning January 6, 2016 through and including the final resolution of this case, Defendant, sent one or more letter(s) in attempts to collect a consumer debt allegedly which contained the same or similar statement that the creditor of the account "will report forgiveness of debt as required by IRS regulations."

46. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

47. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendant is a debt collector under the FDCPA;

    B. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1);;

    C. Whether Plaintiff and the class are entitled to damages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

50. Plaintiff's claims are typical of the claims of the members of the class.

51. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

52. Plaintiff does not have interests antagonistic to those of the class.

53. The class, of which Plaintiff is a member, is readily identifiable.

54.     Plaintiff will fairly and adequately protect the interests of the class, and have retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions, other complex litigation, and claims of the type asserted in this action.

55.     The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

56.     Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.     COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

57.     Plaintiff, on behalf of himself and other similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

58.     Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

59.     The debts alleged to be owed by Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

60. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and interpretations thereof.

61. Defendant's collection letter attached as Exhibit A, and similar letters sent to other New Jersey consumers, are "communications" pursuant to 15 U.S.C. § 1692a(2).

62. Defendant's collection letters were sent to Plaintiff and those similarly situated in attempts to collect the debts.

63. By sending numerous collection letters that misleadingly and deceptively contained inaccurate statements regarding the tax consequences of a settlement, Defendant violated sections 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692g(a)(1) of the FDCPA.

64. The violations of the FDCPA described herein constitute *per se* violations.

65. As a result of any one or more of the above violation of the FDCPA, Defendant is liable to Plaintiff and the putative class for statutory damages, attorney's fees, and costs.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jackson H. Diaz, on behalf of himself and others similarly situated, demands judgment against Defendant, Capital Management Services, LP, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of the Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

    F.    For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except:

- *Diaz v. Capital Management Services, LP, et al.*, 2:16-cv-09287-KM-JBC (D.N.J)
- *Kang v. Capital Management Services, LP*, 2:16-cv-03267-MCA-SCM (D.N.J)

    KIM LAW FIRM LLC

    *s/ Yongmoon Kim*
    Yongmoon Kim
    *Attorneys for Plaintiff on behalf of himself and those similarly situated*

Dated: January 6, 2017