Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JACKSON H. DIAZ and JANET L. BETHKE, *on behalf of themselves and those similarly situated,*

*Plaintiffs,*

v.

CAPITAL MANAGEMENT SERVICES, LP and JOHN DOES 1-10,

*Defendants.*

Civil Action No. 17-134 (JMV) (JBC)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This class action alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiffs, Jackson H. Diaz and Janet L. Bethke (collectively "Plaintiffs"), claim that Defendants, Capital Management Services, LP ("CMS") and John Does 1-10 (collectively "Defendants"), issued misleading debt collection letters. Presently pending is Plaintiffs' motion, D.E. 39, to strike two affirmative defenses from Defendants' Answer, D.E. 38. Plaintiffs move to strike (1) Defendants' third affirmative defense regarding the statute of limitations, and (2) Defendants' eighth affirmative defense regarding "bona fide error." D.E. 39-1. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1. For the reasons set forth below, Plaintiffs' motion to strike Defendants' Affirmative Defenses is **DENIED**.

---

[1] Plaintiffs' brief in support of their motion is referred to as "Pl. Br." (D.E. 39-1); Defendants' brief in opposition is referred to as "Def. Opp'n" (D.E. 42); and Plaintiff's reply is referred to as "Pl. Reply" (D.E. 44).

## I. FACTUAL BACKGROUND[2]

Defendant CMS is a New York-based collection agency that collects past-due debts owed to third parties. Am. Compl. ¶¶ 8, 11, 15. The debts are typically for personal, family, or household goods. *Id.* ¶ 12. Defendants John Does 1-10 are fictitiously named individuals at CMS or otherwise. *Id.* ¶ 9. Plaintiffs are two New Jersey consumers who received debt collection letters from CMS regarding their allegedly overdue Macy's Department Store National Bank accounts. *Id.* ¶¶ 4-7, 16. Macy's assigned CMS the accounts for the purpose of collecting the overdue debts. *Id.* ¶ 19.

On January 7, 2016 and February 2, 2016, CMS mailed Diaz two letters in an attempt to collect a $256.25 debt. *Id.* at ¶ 22, Ex. A. CMS mailed similar letters to Bethke on January 19, 2016 and February 2, 2016, in an attempt to collect a $727.05 debt. *Id.* at ¶ 23, Ex. B. Both letters included the following language: "(DSNB) Department Store National Bank will report forgiveness of debt as required by IRS regulations." *Id.* ¶ 25, Ex. A, Ex. B. Plaintiffs contend that this language is false, deceptive, and misleading, in violation of the FDCPA, because it fails to disclose that the Internal Revenue Service ("IRS") only requires such reporting in limited circumstances, meaning CMS will not report forgiveness on a number of debts. *Id.* ¶ 26, 31, 37.

## II. PROCEDURAL HISTORY

Plaintiffs filed a Complaint on January 6, 2017, D.E. 1, and then filed an Amended Complaint on December 27, 2017. D.E. 37. Defendants answered the Amended Complaint on January 10, 2018, asserting the following two affirmative defenses, among others: (1) "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations" (the third

---

[2] The following facts are derived from Plaintiff's Amended Complaint, hereinafter "Am. Compl." D.E. 37.

affirmative defense), and (2) "If the FDCPA was violated, the same being specifically denied, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error" (the eighth affirmative defense). D.E. 38 at 10-11. On January 31, 2018, Plaintiffs filed the current motion to strike the two affirmative defenses, D.E. 39, which Defendants opposed, D.E. 42, and Plaintiffs replied, D.E. 44.

### III. STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision is discretionary. *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011). However, "[a]s a general matter, motions to strike under Rule 12(f) are highly disfavored." *Thompson v. Real Estate Mortg. Network, Inc.*, No. 11-1494, 2018 WL 4604310, at *2 (D.N.J. Sept. 24, 2018) (McNulty, J.) (citing *F.T.C*, 2011 WL 883202, at *1). "This is because [they are] often sought by the movant simply as a dilatory tactic." *F.T.C.*, 2011 WL 883202, at *1 (internal quotations omitted).

Rule 12(f) sets forth two standards for striking matter from a pleading: (1) "an insufficient defense," or (2) "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). First, "[a]n affirmative defense is insufficient if it is not recognized as a defense to the cause of action." *F.T.C.*, 2011 WL 883202, at *2 (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J.1993)) (internal quotations omitted). Thus, a motion to strike an affirmative defense "will only be granted 'when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading.'" *F.D.I.C. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994) (citing *Glenside West Corp. v. Exxon Corp.*, 761 F.Supp. 1100, 1115 (D.N.J.1991)). Second, "even where the challenged material is redundant, immaterial,

3

impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Id.* Indeed, motions to strike "will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (citing *Tonka*, 836 F.Supp. at 217) (internal quotations omitted).

## IV. ANALYSIS

The parties dispute the applicable standard for pleading an affirmative defense. Plaintiffs seem to allege that Defendants' statute of limitations defense must meet the plausibility standard under Federal Rule of Civil Procedure 8(a),[3] and that Defendants' bona fide error defense must meet the higher pleading standard for pleading mistake under Rule 9(b). Pl. Br. at 4, 5.

Rule 8(a) governs the pleading of "claims for relief." Fed. R. Civ. P. 8(a). Rule 8(c) governs the pleading of "affirmative defenses." Fed. R. Civ. P. 8(c). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and later in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court found that Rule 8(a) required a party seeking relief to plead "sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Iqbal*, 556 U.S. at 687 (emphasis added). The United States Court of Appeals for the Third Circuit has not ruled on whether the plausibility standard applies to affirmative defenses. Generally, in this District, "the pleading standards of *Twombly* and *Iqbal* do not apply to affirmative defenses under Rule 8(c)." *F.T.C.*, 2011 WL 883202, at *4. Courts are to "instead, determine whether each affirmative defense should be struck pursuant to Rule 12(f) as legally insufficient because (1) it could not

---

[3] By emphasizing the "barebones" nature of Defendants' affirmative defense, Plaintiffs appear to be arguing that the Rule 8(a) plausibility standard from *Twombly* and *Iqbal* applies to Rule 8(c) affirmative defenses. Pl. Br. at 4. Defendants also recognized this implicit argument and addressed it in their opposition papers. Def. Opp'n at 4-5.

possibly prevent recovery under any pleaded or inferable set of facts, and (2) its continuing presence in the pleadings will prejudice the [opposing party]." *F.T.C.*, 2011 WL 883202, at *4. Therefore, the plausibility standard of Rule 8(a) does not apply to Defendants' affirmative defenses; the Rule 12(f) standard applies instead.

Since the plausibility standard of Rule 8(a) does not apply to affirmative defenses, the heightened pleading standard under Rule 9(b) similarly does not apply. Rule 9(b) states, "In alleging fraud or mistake, a party must state with *particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). Although one court in this Circuit has applied Rule 9(b)'s particularity standard to the FDCPA bona fide error defense, *Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 103 (M.D. Pa. 2016), the Third Circuit has yet to rule on the issue. Motions to strike affirmative defenses are "not meant to determine unclear or disputed questions of law." *F.D.I.C.*, 859 F. Supp. at 120. The Court will follow the sound logic of the other courts in this District and not apply the plausibility standard, or the Rule 9 heightened standard, to the affirmative defenses at issue. Instead, the Court evaluates the motion to strike under the Rule 12(f) standard.[4]

Statute of Limitations

Defendants assert that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations." D.E. 38 at 10. Plaintiffs argue that this "barebones" statute of limitations defense "fails as a matter of law" because Plaintiffs commenced the action within the one-year

---

[4] The Court notes that if Plaintiffs were moving to dismiss a counterclaim or crossclaim, these heightened pleading standards would apply, "as a motion to dismiss a counterclaim is properly evaluated under the familiar Rule 12(b)(6) standard," where the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Signature Bank v. Check-X-Change, LLC*, No. 12-2802, 2013 WL 3286154, at *2 (D.N.J. June 27, 2013). However here, Plaintiffs are only seeking to strike affirmative defenses.

5

statute of limitations period after receiving the collection letters. Pl. Br. at 4. Defendants argue that Bethke received her collection letter over one year before the Amended Complaint was filed, which joined Bethke to the action, meaning if Plaintiffs are unable to join a class then Bethke's joiner was untimely. Def. Opp'n at 8. Plaintiff's respond that Bethke's claim would still relate back to the original filing date, as the commencement of a class action suspends the statute of limitations as to all asserted members of the class. Pl. Reply at 7.

The parties do not dispute that the applicable statute of limitations for the FDCPA claim is one year. Pl. Br. at 4 (citing 15 U.S.C. § 1692k(d)). Nor do the parties dispute that the action was commenced on January 6, 2017, within one year from the dates listed on all of the collection letters included in the action thus far – January 7, 2016, January 19, 2016, and February 2, 2016. *Id.* at 4. The parties only dispute whether this statute of limitations defense could bar Bethke's individual claim should the Plaintiffs fail in certifying a class, as Bethke's collection letter was received over one year from when she joined the action via the Amended Complaint.

The Supreme Court has held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983). Even though Defendants' statute of limitations defense as to Bethke may not be successful, the Court denies Plaintiffs' motion to strike the defense because the Rule 12(f) standard is not met. The statute of limitations is recognized as a valid defense to Plaintiff's FDCPA claim. *See* 15 U.S.C. § 1692k(d). In addition, the Court is unable to definitively conclude at this early stage of the proceeding that *no* inferable facts can *possibly* relate this defense to the controversy. For example, Plaintiffs define their class as "[a]ll natural persons . . . to whom, beginning January 6, 2016 . . . Defendant[] sent one or more letter(s)" that included the same

allegedly problematic language. Am. Compl. ¶ 49. If a new Plaintiff joins the class having received a letter during this timeframe, and then also attempts to allege liability for an earlier letter prior to this January 6, 2016 deadline, Defendants' statute of limitations defense may apply. Therefore, Defendants' statute of limitations defense is not "insufficient" under the Rule 12(f) standard.

Defendants' statute of limitations defense is also not redundant, immaterial, impertinent, scandalous, or prejudicial to Plaintiffs. Plaintiffs argue that allowing such defense would be unfairly prejudicial because it would create "unfair surprise" and "waste resources." Pl. Reply at 2-6. The Court disagrees. Plaintiffs should not be surprised that Defendants intend to contest the timeliness of each potential claim as the case progresses, and asserting the affirmative defense expressly notifies Plaintiffs of such. Further, inquiries into timeliness of additional class action claimants' claims will not produce any more discovery than that already necessary to prove that the additional claims fit within the appropriate timeframe. For these reasons, the Court denies Plaintiffs' motion to strike Defendants' third affirmative defense.

<u>Bona Fide Error</u>

The bona fide error defense of 15 U.S.C. § 1692k(c) is a valid defense to an FDCPA claim. Under the FDCPA bona fide error defense. "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Therefore, if proven, the defense shields Defendants of liability. Here, Defendants have produced documents in discovery related to its policies, procedures, and training materials as they pertain to FDCPA

compliance. Def. Opp'n at 10. Therefore, the defense is legally sufficient and it appears that Defendants have a good faith basis in asserting it.

The bona fide error defense is not redundant, immaterial, impertinent, scandalous, or prejudicial either. It is not repetitive of another one of Defendants' affirmative defenses and would be material and pertinent if FDCPA liability is found. Further, Plaintiffs have not shown any unfair prejudice in having to address the affirmative defense. The Court denies Plaintiffs' motion to strike Defendants' eighth affirmative defense.

### V. CONCLUSION

For the reasons stated above, Plaintiffs' motion to strike Defendants' third and eighth affirmative defenses is **DENIED**. An appropriate order accompanies this Opinion.

Dated: October 23, 2018

John Michael Vazquez, U.S.D.J.